IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SHEILA DELOIS NEWBORN, *Pro Se* ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| Allied Clinic LLC, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| Dr. Mario M. Ray, MD ) | |
| TERESA RAY, ) | |
| JANETTE STA ANA aka SANTANA ) | JURY TRIAL DEMANDED |
| ROZEN STA ANA aka SANTANA ) | |
| SOUTH MEMPHIS CLINIC ) | |
| ) | |
| Co-defendants ) | |

**COMPLAINT FOR COMPENSATORY AND PUNITIVE DAMAGES**

Plaintiff, Sheila Delois Newborn, upon personal knowledge as to herself, her own actions, her allegations as to the contents of documents, and upon information and belief, as to all matters, for her Complaint alleges:

<u>**NATURE OF THIS ACTION**</u>

1. This is an action that stems from violations of Title VII of the Civil Rights Act of 1964 by Co-defendant Dr. Mario M. Ray as it relates to sexual harassment – quid

pro quo, hostile work environment, retaliation and constructive discharge. Co-defendants Janette Sta. Ana and Rozen Sta. Ana are joint owners with Co-defendant Dr. Mario M. Ray of Allied Clinic LLC and South Memphis Clinic. Co-defendants either knew or should have known of the sexual harassment committed by Co-defendant Dr. Mario M. Ray upon Plaintiff Sheila Delois Newborn as both Co-defendants Janette and Rozen Sta. Ana also worked in administrative capacities with Co-defendant Teresa Ray who was the human resource officer for both Allied Clinic and South Memphis Clinic's during the course of plaintiff's employment.

2. Allied Clinic LLC and South Memphis Clinic are personal injury medical treatment facilities. Day to day work responsibilities were the same for both Allied Clinic LLC and South Memphis Clinic. While Plaintiff worked at Allied Clinic LLC, she was subject to possible transfer to South Memphis Clinic to perform the same work responsibilities.  Exhibit 1

3. Plaintiff Sheila Delois Newborn was employed by Allied Clinic LLC as a physical therapist from August 12, 2009 until April 25, 2011 and endured sexual harassment from Defendant Dr. Mario M. Ray during the course of her employment. Plaintiff complained about the harassment verbally and in writing by certified mail after which she experienced retaliation and eventual termination of her employment with Allied Clinic LLC. Plaintiff filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC) and received the required Notice of Right to Sue letter. Finally, this action seeks damages – compensatory and

punitive specific to the violations committed by Defendants and Co-defendants.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 2000e-2 and Section 703(a)(1) of Title VII, Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) in that it is a civil action of federal question as it relates to Title VII of the Civil Rights act of 1964.

5. The numerosity requirement establishing the Court's jurisdictional requirements for Title VII of the Civil Rights Act of 1964 are met in this instant by Allied Clinic and South Memphis Clinic in that they acted as joint employers. *Sandford v. Main Street Baptist Church Manor, Inc.*

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## THE PARTIES

7. Plaintiff Sheila Delois Newborn is an adult citizen of Tennessee residing at 2625 Nina Drive #3, Memphis Tennessee 38127.

8. Co-defendant Dr. Mario M. Ray is an adult citizen of Tennessee residing at 9232 Forest Island Dr. N., Collierville, Tennessee 38017.

9. Co-defendants Janette and Rozen Sta. Ana are adult citizens of Tennessee Residing in Shelby County, Tennessee.

10. Co-defendant Teresa Ray is an adult citizen of Tennessee residing at 9232 Forest Island Dr. N., Collierville, Tennessee 38107.

11. Allied Clinic LLC is a Tennessee Corporation with two places of business

which are 2780 Frayser Blvd., Memphis, TN. 38127 and 2391 Lamar Ave., Memphis, TN. 38114.

12. South Memphis Clinic is a Tennessee Corporation with three places of business which are located at 3572 Hickory Hill Rd. Memphis, TN. 38115, 4466 Elvis Presley Blvd., Suite 169, Memphis, TN. 38116 and 3579 Summer Ave., Memphis, TN. 38122.

## ALLEGATIONS OF FACT

13. Shelia Delois Newborn began her employment with Allied Clinic LLC on August 12, 2009 at the 2780 Frayser Blvd., Memphis, TN. clinic as a physical therapist. Ms. Newborn had eleven years of experience in patient care personal injury as it relates to marketing, administration and actual patient care prior to her employment with Allied Clinic LLC. The Frayser Clinic is only 0.83 miles and three minutes from Ms. Newborn place of residence.

14. Dr. Mario M. Ray and Rozen Sta. Ana conducted the employment interview of Ms. Newborn at the Frayser Clinic which was followed by a telephone interview with Janette Sta. Ana with an explanation of pay.

15. Ms. Newborn was employed at the Frayser Clinic until April 15, 2010 when Dr. Ray decided to open a second Allied Clinic LLC location at 2391 Lamar Ave, Memphis, TN. The Lamar clinic is 9.12 miles and 22 minutes from Ms. Newborn's home.

16. Ms. Newborn excepted the responsibility of opening the Lamar clinic after discussion with Dr. Ray. Dr. Ray agreed to a pay raise to Ms. Newborn substantial

enough to offset the expenses for increased transportation to and from the Lamar clinic and the return to the Frayser clinic once the Lamar clinic was successfully opened.

17. Ms. Newborn began her employment with Allied Clinic LLC receiving ten dollars per hour and explained to Dr. Ray that she had worked in a similar position prior to her employment with Allied Clinic LLC receiving four-teen dollars per hour.

18. The Lamar clinic was successfully opened by Ms. Newborn. Ms. Newborn was the only one on staff at the Lamar clinic as opposed to the other clinics of Allied Clinic LLC and South Memphis Clinic which had on the average of two employees staffing each facility. Ms. Newborn successfully maintained the administrative responsibilities, treated patients and even washed the patient garments and towels at her home using her personal washer and dryer. Exhibit #2

19. Due to the fact that Ms. Newborn was the only staff at the Lamar clinic Dr. Ray would see patients afternoons until the evening closing of the clinic alone with Ms. Newborn.

20. Upon the successful opening for operation of the Lamar clinic, Ms. Newborn inquired on a simi-monthly basis regarding the pay increase as per the initial agreement by her and Dr. Ray prior to opening the Lamar clinic. Dr. Ray's excuse for not giving her the entitled pay increase was that the Lamar clinic was not producing the revenues required to pay the increase.

21. However, Ms. Newborn treated as many as twenty-two patients per month

with the other clinic of Allied Clinic LLC and South Memphis Clinic treatments being the same or even less than the Lamar clinic which she staffed alone. An on line inquiry regarding business information for the South Memphis clinic located at 3572 Hickory Hill Rd., Memphis, TN states that the Hickory Hill clinic alone generates $500,000 (five hundred thousand dollars) to $1 million in annual revenue. Exhibit #3

22. Sexual harassment by Dr. Ray in the form of unwelcomed sexual advances started as early as July 29, 2010, four months after the opening of the Lamar clinic by Ms. Newborn with text messages from Dr. Rays cell phone to Ms. Newborns cell phone:

    12:54 p.m.    "What can I do for you to let me come there"? (meaning the Lamar clinic)
    1:00 p.m.    "You know what I need".
    1:10 p.m.    "But if I offended I'm sorry I will drop it"

23. On March 21, 2011 Dr. Ray exposed his penis to Ms. Newborn and rubbed it using his inner thigh on Ms. Newborn as she sat at her desk working. Ms. Newborn became emotionally upset and asked Dr. Ray to stop. He later apologized to Ms. Newborn by text message from his phone to hers:

    12:55 p.m.    "Sorry and thank you for being so strong".

24. Sexual harassment also took the form of sexually explicit pictures that Dr. Ray would show Ms. Newborn on his cell phone.

25. The last unwelcomed sexual advance was on April 6, 2011 when Dr. Ray invited Ms. Newborn into his office as he lay on his office sofa with the lights out to

discuss the pay increase by co-defendant Janette Sta. Ana later that day. Ms. Newborn refused to enter Dr. Rays office.

26. The pay increase that Ms. Newborn had waited on for approximately for one year (April 15, 2010 to April 6, 2011) amounted to 0.29 cents per hour. Ms. Newborn was not satisfied with the small increase that she received given her initial agreement with Dr. Ray prior to opening the Lamar clinic.

27. Dr. Ray called Ms. Newborn @ 1:38 p.m. from his cell phone on April 6, 2011 the day of the increase to ask her opinion of the pay increase when she expressed her dissatisfaction with the small increase in pay per their agreement. Dr. Ray hung up the phone and called Ms. Newborn back at 1:46 p.m., angered by Ms. Newborn's response and told Ms. Newborn that she was fired because she did not appreciate him. Exhibit #2

28. Ms. Newborn stated to Dr. Ray during the conversation the unwelcomed sexual advances from Dr. Ray that she experienced during the course of her employment with Allied Clinic LLC. Dr. Ray did not reject nor deny Ms. Newborn's claims of sexual harassment but reconsidered her termination and called her back @ 2:08 p.m. to reinstate her and gave Ms. Newborn two months to find a new job.

29. In retaliation to Ms. Newborn complaint of sexual harassment, on April 8, 2011, Dr. Ray and Janette Sta. Ana came to the Lamar office and forced Ms. Newborn to sign a disciplinary action stating that Ms. Newborn had received several warnings of unsatisfactory and unprofessional behavior with a probation period until July 31, 2011.

30. Ms. Newborn mailed a certified letter on dated April 15, 2011 expressing the elements of claims related to the unwelcomed sexual advances and sexual harassment received by Dr. Ray as per the telephone conversation on April 6, 2011. This letter was received by staff at the Allied Clinic LLC office at 2780 Frayser Blvd., Memphis, TN on April 20, 2011. Retaliation, hostile work environment and unlawful discharge were also referenced.

Exhibit #2

31. On April 25, 2011, Janette Sta. Ana came to Lamar clinic where Ms. Newborn was employed and terminated her employment. The termination notice signed by Dr. Ray stated that he had received her letter dated April 15, 2011. Exhibit #4

32. Upon Ms. Newborn's termination, Ms. Sta. Ana asked Ms. Newborn "what would make me (Ms. Newborn) comfortable"? This was followed by three phone calls from Ms. Sta. Ana referencing the same question. Exhibit #5

33. Ms. Newborn mailed a certified letter to Dr. Ray dated April 26, 2011 referencing her termination. The letter was mailed to the Frayser clinic of Allied Clinic LLC and was received by staff at that office on April 28, 2011.

34. Ms. Newborn filed a timely Charge of Discrimination with the U. S. Equal Employment Opportunity Commission at the Memphis Office on June 8, 2011.

35. October 23, 2011, Ms. Newborn received the Dismissal and Notice of Right to Sue letter dated October 21, 2011 after mailing a letter of complaint to the Memphis EEOC office and the Office of Inspector General referencing lack of a proper

investigation, obstruction of justice and timely of mailing to Dismissal and Notice of Right to Sue letter. Exhibit #6

## COUNT I
### Sexual Harassment
### Hostile Work Environment

36. Sheila Delois Newborn realleges and incorporates by references Paragraphs 1 – 35 of this Complaint as if fully set forth herein.

37. It is clear that the sexual advances committed by Dr. Mario M. Ray upon Ms. Newborn were unwelcomed. Ms. Newborn's verbal responses to Dr. Ray's sexual advances left Dr. Ray with the impression that they were unwelcomed as he apologizes in both instances when he sent text messages to Ms. Newborn's cell phone on July 29, 2010 and March 21, 2011. Exhibit #2

38. In the certified letter dated April 15, 2011 which was mailed to the Allied Clinic LLC location on 2780 Frayser Blvd, Memphis, TN., Ms. Newborn's complaint in part was that the sexual advances of Dr. Ray were unwelcomed. Ms. Newborn was an employee of Allied Clinic LLC when the letter was received on April 20, 2011.

39. Once Allied Clinic LLC received the certified letter dated April 15, 2011, Allied Clinic LLC did not exercise reasonable care to prevent and promptly correct the sexually harassing behavior of Dr. Ray. Mailing the certified letter was the only means that she (Ms. Newborn) had of any corrective opportunity provided by Allied Clinic to avoid harm otherwise since there was no effective procedure of process of complaints that Ms. Newborn was aware of.

40. Co-defendants Janet Sta. Ana, Rozen Sta. Ana and Teresa Ray and Dr. Mario M. Ray either knew or should have known of Ms. Newborn's complaint of the sexual harassment by Dr. Ray upon receiving the certified letter dated April 15, 2011 as Ms. Newborn was then employed by Allied Clinic LLC.

41. It is also clear that the conduct in the form of sexual harassment was severe and pervasive which when the reasonable person standard is applied in this instant would find the conduct offensive. Dr. Ray's unwelcomed sexual advances upon Ms. Newborn fostered a hostile work environment within Allied Clinic LLC.

## COUNT II
### Sexual Harassment
### Quid Pro Quo

42. Sheila Delois Newborn realleges and incorporates by reference Paragraphs 1 – 41 of this Complaint as if fully set forth herein.

43. It is clear that the sexual harassment by Dr. Mario M. Ray upon Ms. Newborn created and fostered a hostile work environment.

44. Quid Pro Quo discrimination occurs when an employer states or implies that an employee can obtain job benefits, pay raises, promotions, ect. in exchange for the employees willingness to tolerate sexual harassment or for the employee's sexual favors.

45. Ms. Newborn made a verbal agreement with Dr. Ray for a substantial pay increase and relocation back to the Frayser clinic of Allied Clinic LLC which is closer to her place of residence once she successfully opened the Lamar clinic of Allied Clinic LLC. Within one month of the Lamar clinic's opening, the Lamar clinic

patient intake and treatment was consistent with the number of patients treated at the Allied Clinic LLC location in Frayser and the three South Memphis Clinics.

46. After the successful opening of the Lamar clinic Ms. Newborn inquired on a simi-monthly basis to Dr. Ray regarding the agreed upon pay increase as she made the distant commute to the Lamar clinic and performed her work responsibilities earning the same ten dollars per hour wage that she started with.

47. Quid Pro Quo discrimination and or harassment occurred in this instant as Dr. Ray used his promise of a wage increase substantial enough to warrant the successful work put into opening the Lamar clinic of Allied Clinic LLC as a dangling carrot before Ms. Newborn which was never reached. Abusing his position as an employer with vain promises of the agreed upon pay increase, Dr. Ray subjected Ms. Newborn to unwelcomed sexual advances that she endured but never yielded to.

COUNT III
Retaliation
Disciplinary Action

48. Sheila Delois Newborn realleges and incorporates by reference Paragraphs 1 – 47 of this Complaint as if fully set forth herein.

49. On April 6, 2011 Ms. Newborn, prompted by Dr. Ray's call to her (Ms. Newborn) regarding the pay raise received by employees of Allied Clinic LLC and South Memphis Clinic, Ms. Newborn expressed her concerns regarding the pay raise and also expressed her concerns about the unwelcomed sexual advances and or harassment that she experienced from Dr. Ray during the course of her

employment with Allied Clinic LLC. Terminated by Dr. Ray on the phone and reinstated within minutes by Dr. Ray on the phone.

50. On April 8, 2011 Dr. Ray and Janette Sta. Ana engaged in a concerted action in an attempted cover-up of claims made to Dr. Ray by Ms. Newborn on April 6, 2011 and forced Ms. Newborn to sign a disciplinary write-up. The disciplinary write-up had unsupported claims of verbal warning of unsatisfactory, unprofessional behavior and performance giving Ms. Newborn until July 31, 2011 to correct the unsupported claims.

51. In utilizing the reasonable person standard, a reasonable person would question why Allied Clinic LLC would give Ms. Newborn on April 6, 2011 a pay raise without any verbal or written communication expressing the unsupported claims of the disciplinary action of April 8, 2011.

52. It is clear that Allied Clinic LLC's disciplinary write-up represents retaliation and was an attempted to cover-up of Ms. Newborns claims, instead of investigating the complaints received by Dr. Ray as Co-defendants Janet Sta. Ana, Rozen Sta. Ana, Teresa Ray, Dr. Mario M. Ray should have taken immediate corrective action.

COUNT IV
Retaliation
Termination

53. Sheila Delois Newborn realleges and incorporates by reference Paragraphs 1 – 52 of this Complaint as if fully set forth herein.

54. On April 19, 2011 Ms. Newborn in response largely to the retaliation by Allied Clinic LLC in the disciplinary write-up on April 8, 2011, mailed Allied Clinic

LLC a certified letter dated April 15, 2011. The letter expressed other claims made by Ms. Newborn of wrongful discharge and hostile work environment. This letter was received by Allied Clinic LLC on April 20, 2011.

55. In reasserting her claims of discrimination by Allied Clinic LLC, Ms. Newborn was engaging in protected activity as it relates to Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

56. Allied Clinic LLC and Co-defendants Janet Sta. Ana, Rozen Sta. Ana, Teresa Ray and Dr. Mario M. Ray had a second bite at the apple in that Allied Clinic LLC had a responsibility to properly investigate the claims of Ms. Newborn and take immediate and corrective action but again they bypassed the legal remedies to Ms. Newborns claims.

57. On April 25, 2011, Janette Sta. Ana came to the Lamar clinic where Ms. Newborn worked and terminated her employment. The termination notice signed by Dr. Ray states that;

> "Because of your false and unsubstantiated claims of sexual harassment, I feel you cannot be trusted and we can no longer employ you."

58. Engaging in another act of clear retaliation, Dr. Ray admits to the fact that Ms. Newborn's termination is directly linked to her (Ms. Newborn) reasserted claims of sexual harassment as Ms. Newborn engaged in protected activity.

## COUNT V
### Constructive Discharge

59. Sheila Delois Newborn realleges and incorporates by reference Paragraphs 1 –

58 of this Complaint as if fully set forth herein.

60. On April 25, 2011, Ms. Newborn was terminated from here position as physical therapist for Allied Clinic LLC. It is clear that Ms. Newborn was engaging in protected activity as it relates to Title VII of the Civil Rights Act of 1964 and adverse actions.

61. Allied Clinic engaged in constructive discharge as it relates to Section 703(a) of Title VII, 42 U.S.C. §2000e-2 which bars discrimination based on race, color, religion, sex, or national origin in regard to hiring and firing and also the "terms, conditions, or privileges of employment".

62. On April 27, 2011, Ms. Newborn mailed Allied Clinic LLC a certified letter dated April 26, 2011 referencing her (Ms. Newborn) termination as an act of retaliation. Ms. Newborn also emphasized the emotional distress that she had experienced caused by the sexual harassment of Dr. Ray during the course of her employment with Allied Clinic LLC. Exhibit #5

### REQUESTS FOR RELIEF

WHEREFORE, Plaintiff Sheila Delois Newborn prays for a judgement:

A. Under Counts I, II, III, IV and V, finding that the Defendant Allied Clinic LLC and Co-defendants Dr. Mario M. Ray, Janette Sta Ana, Rozen Sta Ana, Teresa Ray and South Memphis Clinic discriminated against Sheila Delois Newborn violating her civil rights with conduct that was heinous in nature awarding such damages as are proven at trial and such other and further relief as may be deemed just and proper as it relates to compensatory and punitive damages.

B. Plaintiff reserves the right to amend this complaint.

## JURY DEMAND

Trial by jury is hereby demanded.

Respectfully submitted,

Dated: 1-17, 2012

*Sheila Delois Newborn* (signature)

Sheila Delois Newborn

2625 Nina Drive #3

Memphis, TN. 38127

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of January, 2012, a copy of the foregoing Complaint was mailed, postage prepaid, to Dr. Mario M. Ray M.D., Allied Clinic LLC, 2780 Frayser Blvd., Memphis, TN. 38127-4835.

*[signature]*
Sheila Delois Newborn, *Pro Se*

16 of 16